Mark D. Kemple (State Bar No. 145219)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA  90071-2300
Telephone:     (213) 489-3939
Facsimile:     (213) 243-2539
Email: mkemple@jonesday.com

Catherine Nasser (State Bar No. 246191)
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94105
Telephone:     (415) 626-3939
Facsimile:     (415) 875-5700
Email: cnasser@jonesday.com

Attorneys for Defendant
INTERNATIONAL BUSINESS MACHINES
CORPORATION

**MEJ**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CV  09     3683

| | |
|---|---|
| LEE KEMP, individually and on behalf of all others similarly situated, the general public, and as an "aggrieved employee" under the California Labor Code Private Attorney General Act, | Case No. _____ |
| **Plaintiff,** | **DEFENDANT INTERNATIONAL BUSINESS MACHINES CORPORATION'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT** |
| v. | |
| INTERNATIONAL BUSINESS MACHINES CORP., a New York Corporation, and DOES 1-50, inclusive, | **[28 U.S.C. §§ 1332, 1446]** |
| **Defendant.** | |

TO THE CLERK OF THE ABOVE ENTITLED COURT:

PLEASE TAKE NOTICE THAT International Business Machines Corporation

("Defendant"), Defendant in the above-titled action, hereby removes this matter to the United

States District Court for the Northern District of California, pursuant to 28 U.S.C. § 1332 and

§ 1446.  The grounds for removal are as follows:

**Compliance with Statutory Requirements**

1.       On or about June 17, 2009, Plaintiff Lee Kemp ("Plaintiff") filed a Class Action Complaint in the Superior Court of the State of California for the County of San Francisco, Case No. CGC-09-489579, captioned *Lee Kemp, individually and on behalf of all others similarly situated, the general public, and as an "aggrieved employee" under the California Labor Code Private Attorney General Act v. International Business Machines Corp., a New York Corporation, and Does 1-50, inclusive.* Plaintiff asserts three causes of action on behalf of a class, and a fourth cause of action on behalf of himself.  Specifically, in his First Cause of Action, Plaintiff seeks class-wide relief under California Labor Code § 1174.5 for alleged violations of California Labor Code § 1174 (setting forth certain recordkeeping requirements for wage and payroll records).  In his Second Cause of Action, Plaintiff seeks class-wide relief for an alleged violation of California Labor Code § 1199 based on an alleged failure to comply with a recordkeeping provision in Industrial Wage Order 4-2001.  In his Third Cause of Action, Plaintiff seeks class-wide relief under California Labor Code § 2699 (the California Labor Code Private Attorney General Act of 2004 or "LCPAGA") based on the alleged violations described in the First and Second Causes of Action.  In his Fourth Cause of Action, Plaintiff asserts an individual claim for alleged unlawful collecting and receiving of wages already paid (California Labor Code § 221) based on alleged reversals of his commission payments.

2.       In this matter, Plaintiff seeks class action certification of a class that would include "all current and former employees of Defendant who were employed by Defendant in the State of California and were subject to Defendant's illegal practices of failing to provide accurate itemized wage statements containing hours worked and hourly rates of pay and failing to keep their records of hours worked and wages earned at the employment site or in a centralized location in the State of California ... within one year from the filing of this Complaint."

NOTICE OF REMOVAL OF CIVIL ACTION
FROM STATE COURT

3.      On July 13, 2009, Plaintiff served Defendant with a copy of his Complaint. Defendant's removal of this action is timely because Defendant is removing this matter within 30 days of Plaintiff's completion of service.  *See* 28 U.S.C. §1446(b).

4.      In accordance with 28 U.S.C. § 1446(a), attached hereto as Exhibit A are true and correct copies of all process, pleadings, or orders in this action.

5.      Pursuant to 28 U.S.C. § 1446(d), Defendant promptly will provide written notice of removal of the Action to Plaintiff, and promptly will file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, County of San Francisco.

### Intradistrict Assignment

6.      Plaintiff filed this case in the Superior Court of California, County of San Francisco; therefore, this case may properly be removed to the Oakland Division or San Francisco Division of the Northern District of California.  *See* 28 U.S.C. § 1441(a); Civil L. R. 3-2(c), (d), 3-5(b).

### Jurisdiction:  Traditional Diversity

7.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as this is an action between "citizens of different States" and the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."

8.      The parties to this action are citizens of different states.  *See* 28 U.S.C. § 1332(a)(1); *see also Gibson v. Chrysler Corp.*, 261 F.2d 927, 931 n.2 (9th Cir. 2001) ("The complete diversity requirement in class actions is based on the citizenship of the named plaintiffs at the time the action is filed.").  For its part, Defendant is a citizen of New York.  *See* 28 U.S.C. § 1332(c)(1).  Defendant is a corporation incorporated under the laws of the State of New York, with a principal place of business in that State.  Plaintiff, on the other hand, is and was a citizen of the State of California.  Complaint, ¶ 2.

9. In addition, and although Defendant concedes neither liability on or the propriety of Plaintiff's claims, Plaintiff's individual claims place in controversy well in excess of $75,000. *See* 28 U.S.C. § 1332; *see also Gibson*, 261 F.3d at 941 (noting that, under the traditional diversity analysis, the amount-in-controversy analysis involves an examination of "only the claims of named class plaintiffs"). Plaintiff seeks, on his own behalf, damages for alleged commission reversals, civil penalties for alleged recordkeeping violations, and attorneys' fees. As such, his claims easily meet the amount-in-controversy threshold:

a. Commission Payments. In his Fourth Cause of Action (under California Labor Code § 221), Plaintiff alleges that he sustained damages in the amount of $144,977.32 as a result of Defendant's alleged reversals of his commissions. Accordingly, standing alone, this claim satisfies the traditional amount-in-controversy threshold necessary to establish this Court's diversity jurisdiction.

b. Labor Code Penalties. Plaintiff asserts additional claims for civil penalties under California Labor Code that bring the amount in controversy on his individual claim well over the jurisdictional threshold. Specifically, in his Second and Third Cause of Action, Plaintiff seeks penalties "in the amount of one hundred dollars ($100) for Plaintiff ... per pay period for the initial violation and two hundred dollars ($200) per pay period for each subsequent violation." IBM pays salaried employees like Plaintiff two times a month (24 times a year). Thus, based on 24 pay periods in the one-year statutory period, Plaintiff's individual claim under § 2699 places in controversy an additional $4,700 for alleged LCPAGA penalties ($100 (first pay period) + ($200 x 23 pay periods) = $4,700). Moreover, in his First Cause of Action, Plaintiff seeks an additional penalty in the amount of $500 for alleged violations of recordkeeping requirements set forth in in California Labor Code § 1174, thus placing an additional amount in controversy.

c.    Attorneys Fees.  Plaintiff also seeks attorneys' fees.  Complaint, Prayer for Relief, ¶ 5.  Although Plaintiff easily meets the $75,000 threshold without considering attorneys' fees, these amounts are properly included in the amount in controversy.  *See, e.g., Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy"); *Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002) (holding that where attorneys fees are "recoverable by statute," fees reasonably anticipated over the life of the litigation are included in the amount-in-controversy analysis).

10.    Moreover, because the Court has original jurisdiction pursuant to 1332(a) over Plaintiff's claims, it has supplemental jurisdiction that extends to the claims of the unnamed putative class members.  *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 549 (2005) (holding that "where the other elements of [diversity] jurisdiction are present and at least one named plaintiff in the action satisfies the amount-in-controversy requirement, § 1367 does authorize supplemental jurisdiction over the claims of other plaintiffs in the same Article III case or controversy, even if those claims are for less than the jurisdictional amount specified in the statute setting forth the requirements for diversity jurisdiction"); *Gibson*, 261 F.3d at 940 (holding that "there is supplemental jurisdiction over the claims of unnamed class members when the claim of an individual named plaintiff satisfies the amount-in-controversy requirement").

## Jurisdiction – Class Action Fairness Act

11.    In addition, this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d) (as amended by the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 14 ("CAFA")).  Under Section 1332(d), federal courts have original diversity jurisdiction over a class action whenever: (1) "any member of a [putative] class of plaintiffs is a

citizen of a State different from any defendant," 28 U.S.C. § 1332(d)(2)(A), (2) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," 28 U.S.C. § 1332(d)(2), and (3) "the number of members of all proposed plaintiff classes in the aggregate is" more than 100. All CAFA requirements are satisfied in this case.

12.  First, as noted above, Plaintiff (California) and Defendant (New York) are citizens of separate states. *See* 28 U.S.C. § 1332(d)(2). In addition, minimal diversity exists for purposes of this Court's exercise of jurisdiction under CAFA because Plaintiff's putative class consists of "all current and former employees of Defendant who were employed by Defendant in the State of California...." Complaint, ¶ 16.

13.  Second, though Defendant concedes neither liability on or the propriety of Plaintiff's claims, nor the propriety or breadth of the class as alleged by Plaintiff, the Complaint places in controversy a sum greater than $5,000,000. *See* 28 U.S.C. § 1332(d). While the Complaint does not allege a specific dollar amount in class damages, Plaintiff asserts on behalf of a class: (i) claims for civil penalties under various Labor Code provisions; and (ii) a claim for attorneys' fees. Complaint, Prayer for Relief, ¶¶ 1, 2, and 5. These class claims easily meet CAFA's amount-in-controversy requirement:

a.  <u>Labor Code Penalties</u>. In his Second and Third Causes of Action, Plaintiff seeks civil penalties "in the amount of one hundred dollars ($100) for ... each aggrieved member of the putative class per pay period for the initial violation and two hundred dollars ($200) per pay period for each subsequent violation." Complaint at ¶ 30, 37-38, Prayer for Relief, ¶ 2. Thus, Plaintiff seeks, for each putative class member who was employed during the entire one-year period prior to filing the Complaint, $4,700 ($100 (first pay period) + ($200 x 23 pay periods) = $4,700). Considering just those employees who were employed in California

during the entire one-year period prior to filing the Complaint,[1] IBM employed well in excess of 1,064 employees, which is the minimum number of employees required to meet the $5,000,000 threshold.  (1,064 x 4,700 = $5,000,800).  Moreover, in his First Cause of Action, Plaintiff seeks penalties under California Labor Code § 1174.5 in the amount of $500 on behalf of the putative class.  Complaint ¶¶ 24, 25, Prayer for Relief ¶ 1.  This additional class claim brings the total amount in controversy well over the jurisdictional threshhold.

         b.    <u>Attorneys' Fees</u>.  Although the Complaint easily exceeds the $5,000,000 threshold without considering the claim for attorneys' fees, such amounts are properly included within the amount in controversy.  <u>See</u> <u>supra</u> at ¶ 9(d).

         14.    Third, as noted above, and as alleged in the Complaint, the number of class members exceeds 100.  Complaint at ¶ 17.

         15.    In establishing the amount in controversy for purposes of removal, Defendant does not concede in any way that the allegations in the Complaint are accurate, that Defendant violated any law or regulation, that Plaintiff's claims are cognizable, or that Plaintiff is entitled to any damages.   Nor does Defendant concede that any or all of its other current and former employees are entitled to any recovery in this case or are appropriately included in the putative class.

         WHEREFORE, the above-titled Action is hereby removed to this Court from the Superior Court of the State of California, County of San Francisco.

---

[1] As noted, IBM in no way concedes the propriety or the breadth of the class alleged by Plaintiff.

1   Dated: August 12, 2009

Respectfully submitted,

2   JONES DAY

3

4   By: _____

Catherine S. Nasser

5   Counsel for Defendant

6   INTERNATIONAL BUSINESS MACHINES
CORPORATION

7   SFI-615973v5

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
INTERNATIONAL BUSINESS MACHINES CORP., a New York
corporation, and DOES 1-50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
LEE KEMP, individually and on behalf of all others similarly situated,
the general public, and as an "aggrieved employee" under the California
Labor Code Private Attorney General Act

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.  A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.  There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte.  Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.  Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales.  Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
San Francisco Superior Court
400 McAllister Street
San Francisco, CA 94102

CASE NUMBER:
*(Número del Caso):*
**09. 489579**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Mark R. Thierman, Thierman Law Firm, 7287 Lakeside Drive, Reno, NV, 89511; (775) 284-1500

GORDON PARK-LI       *Gordon C. Bautista*

DATE: **JUN 17 2009**                Clerk, by _____ , Deputy
*(Fecha)*                              *(Secretario)*            *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**BY FAX**

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):

3. [ ] on behalf of (specify):

   under: [ ] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other (specify):
4. [ ] by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc.
www.USCourtForms.com

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Mark R. Thierman, SBN 72913
Thierman Law Firm
7287 Lakeside Drive
Reno, NV 89511
TELEPHONE NO.: (775) 284-1500    FAX NO.: (775) 703-5027
ATTORNEY FOR *(Name):* Plaintiffs

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civic Center Courthouse

CASE NAME:
Kemp v. International Business Machines Corp.

**FILED**
Superior Court of California
County of San Francisco
JUN 17 2009
GORDON PARK-LI, Clerk
BY _____
Deputy Clerk

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | C-09-489579 |
| | | | | JUDGE: |
| | | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is   [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [ ] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):*
5. This case [✓] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

**BY FAX**

Date: 6/17/09

Mark R. Thierman
(TYPE OR PRINT NAME)                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

Mark R. Thierman Cal SB# 72913
THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, Nevada 89511
Tel: (775) 284-1500

Scott A. Miller, Esq., SB # 230322
LAW OFFICE OF SCOTT A. MILLER
A Professional Corporation
16133 Ventura Blvd. Suite 1200
Encino, CA 91436
Tel. (818) 788-8081

Steven L. Miller, Esq., SB # 106023
LAW OFFICE OF STEVEN L. MILLER
A Professional Corporation
16133 Ventura Blvd. Suite 1200
Encino, CA 91436
Tel. (818) 986-8900

**F I L E D**
Superior Court of California
County of San Francisco

JUN 1 7 2009

GORDON PARK-LI, Clerk
BY _____
Deputy Clerk

SUMMONS ISSUED

CASE MANAGEMENT CONFERENCE SET

NOV 2 0 2009 - 9:00 AM

DEPARTMENT 212

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE CITY AND COUNTY OF SAN FRANCISCO

| | |
|---|---|
| LEE KEMP, individually and on behalf of all others similarly situated, the general public, and as an "aggrieved employee" under the California Labor Code Private Attorney General Act, <br><br> Plaintiff, <br><br> v. <br><br> INTERNATIONAL BUSINESS MACHINES CORP., a New York corporation, and DOES 1-50, inclusive, <br><br> Defendant. | Case No.: CGC-09-489579 <br><br> CLASS, REPRESENTATIVE AND PRIVATE GENERAL ACTION <br><br> CLASS ACTION COMPLAINT <br><br> 1. Failure to Keep Centralized Records within the State (§ 1174) <br> 2. Violation of Industrial Wage Order (§ 1199(c)) <br> 3. Private Attorney General Act (§ 2699) <br> 4. Unlawful Collecting and Receiving of Wages Already Paid by Employer (§ 221) - COMPLAINT FOR DAMAGES BY PLAINTIFF <br><br> **BY FAX** |

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

Class, Representative, and Private Attorney General Class Action Complaint

1

Comes now Plaintiff LEE KEMP (hereinafter, "Plaintiff"), on behalf of himself and all others similarly situated, the general public, and all aggrieved employees and hereby alleges:

## JURISDICTION AND VENUE

1.    This Court has jurisdiction over Plaintiff's claims alleged herein pursuant to CAL. LAB. CODES §§ 221, 1174, 1199, and 2699.

2.    Venue is proper in this Court, because Defendant transacts business in this judicial district and the acts and omissions alleged herein took place in this judicial district.

## PARTIES AND BACKGROUND

1.    Defendant INTERNATIONAL BUSINESS MACHINES CORP. (hereinafter, "Defendant"), is a New York corporation qualified to do business, and at all relevant times doing business, in the State of California.  According to the web page for Defendant, of which a true and correct copy is attached hereto as Exhibit A," "As a business, IBM delivers innovation that matters for our clients.  As a global enterprise, we value innovation that matters for our company — and the world.  IBM's corporate citizenship reflects both our brand and our values by addressing some of society's most complex problems with game-changing business and technology innovation."

2.    Plaintiff is, and was at all times relevant times, a citizen and resident of the State of California.

3.    Plaintiff and all others similarly situated, at all relevant times, are or were employed by Defendant in the State of California.

4.    Plaintiff and all others similarly situated are or were subject to Defendant's illegal practices of failing to keep, at a central location in the state or at the establishments at which Defendant's employees are or were employed, payroll records showing the hours worked daily by, and the wages paid to, its employees employed in the establishments in violation of § 1174(d).

///
///

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

5.    Plaintiff and all others similarly situated are or were subject to Defendant's illegal practices of failing to keep records required by Industrial Wage Order 4-2100 § 7(a) and (c) in violation of California Labor Code § 1199(c).

6.    Plaintiff was subject to Defendant's illegal practices of collecting and receiving back wages already paid to Plaintiff in violation of California Labor Code § 221.

7.    On or about January, 2008, Defendant indicated on its Field Management System that Plaintiff was due commissions on achieved sales of $3,009,952. *See* Exhibit B, a true and correct copy of a printout from Defendant's Field Management System.

8.    Plaintiff actually earned commissions on achieved sales of $3,009,952 within his existing Incentive Plan period of 01/08 to 06/08 and all monies owed for the sales were paid to Defendant by its clients.

9.    In or about June, 2008, at the end of Plaintiff's Incentive Plan period, Defendant changed the achieved sales total in Plaintiff's commission statement to $1,222,137. *See* Exhibit C, a true and correct copy of a printout from Defendant's FMS Management System.

10.    Defendant would give no explanation to Plaintiff for this illegal collecting back of wages earned and promised to Plaintiff, except that it was a lawful "reversal."

11.    On or about December, 2008, Defendant indicated on its Field Management System that Plaintiff was due commissions on achieved sales of $4,879,179.

12.    In or about December, 2008, at the end of Plaintiff's Incentive Plan period, Defendant changed the achieved sales total in Plaintiff's commission statement to $4,760,570.

13.    Plaintiff actually earned commissions on the difference in achieved sales within the Incentive Plan period and all monies owed for the sales were paid to Defendant by its clients.

14.    Plaintiff does not know the true names of Defendants DOES 1 through 50, inclusive, and therefore, sues them by those fictitious names.

## CLASS ACTION ALLEGATIONS

15.    Plaintiff brings this action on his own behalf, on behalf of the class of persons similarly situated, the general public, and all "aggrieved employees" of Defendant.

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email labordawyer@pacbel.net www.labordawyer.net

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

16.     Plaintiff seeks to represent a class of all current and former employees of Defendant who were employed by Defendant in the State of California and were subject to Defendant's illegal practices of failing to provide accurate itemized wage statements containing hours worked and hourly rates of pay and failing to keep their records of hours worked and wages earned at the employment site or in a centralized location in the State of California in violation of California Labor Codes §§ 226(a) and 1174 and in violation of California Labor Code § 1199(c) within one year from the filing of this Complaint.

17.     The class consists of potentially several hundred employees of Defendant, and likely more, which is so numerous that the joinder of the class is impracticable.

18.     There is a well-defined community of interest in the questions of law and fact affecting the class members Plaintiff seeks to represent.  The class members' claims against Defendant involve questions of common or general interest, in that their claims are based on Defendant's implementation and utilization of a policy whereby all members of the class were subject to Defendant's illegal practices of failing to provide an itemized wage statement containing the total hours worked and hourly rates of pay and failing to keep their records of hours worked and wages earned at the employment site or in a centralized location in the State of California in violation of California Labor Codes §§ 226(a) and 1174 and California Labor Code § 1194(c).  These questions are such that proof of statement of facts common to the members of the class will entitle each member of the class to the relief requested in this Complaint.

19.     Plaintiff will fairly and adequately represent the interests of the class members, because Plaintiff is a member of the class and the claim of Plaintiff is typical of those in the class.

20.     Plaintiff requests permission to amend the Complaint to include additional class representatives if Plaintiff is deemed not to be an adequate representative of the class.

///

///

///

Class, Representative, and Private Attorney General Class Action Complaint

4

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

## FIRST CAUSE OF ACTION
### (Failure to Keep Hours Worked and Wages Earned On-Site or in a Central Location in the State of California – Class Allegation)

21.     Plaintiff hereby incorporates each and every allegation contained above and realleges said allegations as if fully set forth herein.

22.     California Labor Code § 1174 states, in relevant part:

> Every person employing labor in this state shall:

> (d) Keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to [...] employees employed at the respective plants or establishments. These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than two years.

23.     Defendant willfully refuses to keep records of the hourly rates and wages earned for Plaintiff and the putative class members at the employment site or in a central location in the State of California in violation of California Labor Code § 1174(d).

24.     California Labor Code § 1174.5 provides that any person who willfully fails to keep accurate or complete records pursuant to California Labor Code § 1174(d) shall be subject to a civil penalty of five hundred dollars ($500).

25.     Defendant willfully fails to keep accurate or complete records pursuant to California Labor Code § 1174(d). Therefore, Plaintiff, on behalf of himself and all others similarly situated, demands the maximum civil penalty allowed by California Labor Code § 1174.5 for the relevant time period.

## SECOND CAUSE OF ACTION
### (Violation of Industrial Wage Order – Class Allegation)

26.     Plaintiff hereby incorporates each and every allegation contained above and realleges said allegations as if fully set forth herein.

27.     California Labor Code § 1199 states, in relevant part:

> Every employer or other person acting either individually or as an officer, agent, or employee of another person is guilty of [...], who does any of the following:

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

(c)   Violates or refuses or neglects to comply with [...] any order or ruling of the commission.

28.   Industrial Wage Commission Order 4-2001 states, in relevant part:

7.   **Records**

(A) Every employer shall keep accurate information with respect to each employee including the following:

(1) Full name, home address, occupation and social security number.

[...]

(3) Time records showing when the employee begins and ends each work period. Meal periods, split shift intervals and total daily hours worked shall also be recorded. Meal periods during which operations cease and authorized rest periods need not be recorded.

(4) Total wages paid each payroll period, including value of board, lodging, or other compensation actually furnished to the employee.

(5) Total hours worked in the payroll period and applicable rates of pay. This information shall be made readily available to the employee upon reasonable request.

(C) All required records shall be in the English language and in ink or other indelible form, properly dated, showing month, day and year, and shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California. An employees records shall be available for inspection by the employee upon reasonable request.

29.   Defendant willfully refuses to keep accurate and complete records for Plaintiff and the putative class members at the employment site or in a central location in the State of California in violation of California Labor Code § 1199(c).

30.   Therefore, Plaintiff, on behalf of himself and all others similarly situated, demands the maximum civil penalty specified in California Labor Code § 2699 in the amount of one hundred dollars ($100) for Plaintiff and each aggrieved member of the putative class per pay period for the initial violation and two hundred dollars ($200) per pay period for each subsequent violation.

///

///

## THIRD CAUSE OF ACTION
### (California Labor Code Private Attorney General Act – Class Allegation)

31.     Plaintiff hereby incorporates each and every allegation contained above and realleges said allegations as if fully set forth herein.

32.     California Labor Code § 2699(a) states:

> Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3.

33.     Plaintiff and all others similarly situated are "aggrieved employees" as that term is defined in the California Labor Code Private Attorney General Act of 2004, because they are current or former employees of the alleged violator and against whom one or more of the alleged violations was committed.

34.     Plaintiff has met all the notice requirements set forth in California Labor Code § 2699.3 necessary to commence a civil action.

35.     Plaintiff brings this action on behalf of himself and all members of the putative class who were subject to Defendant's willful failure to keep records in accordance with the provisions of California Labor Code § 1199(c) pursuant to Industrial Wage Order 4-2001 § 7(a) and (c).

36.     Therefore, Plaintiff, for himself and all members of the class and demands the full amount of penalties provided by law for violations of California Labor Code § 1174(d) as required by California Labor Code § 2699.

37.     Plaintiff, on behalf of himself and all others similarly situated, further demands the maximum civil penalty specified in California Labor Code § 2699 in the amount of one hundred dollars ($100) for Plaintiff and each aggrieved member of the putative class per pay

///

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

38.     period for the initial violation and two hundred dollars ($200) per pay period for each subsequent violation for violations of California Labor Code § 1199(c).

## FOURTH CAUSE OF ACTION
### (Unlawful Collecting and Receiving of Already Paid Wages COMPLAINT FOR DAMAGES BY PLAINTIFF)

39.     Plaintiff hereby incorporates each and every allegation contained above and realleges said allegations as if fully set forth herein.

40.     California Labor Code § 221 states:

> It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee.

41.     At all times relevant hereto, Defendant had an unlawful policy of collecting and receiving wages already paid to its employees by Defendant in the form of "reversals" of commissions offered, promised and/or earned to and by its employees in violation of California Labor Code § 221.

42.     In or about June, 2008 and December, 2008, Defendant collected and received back commissions earned and promised to Plaintiff on achieved sales in violation of California Labor Code § 221, thereby causing Plaintiff to sustain damages in an approximate amount of $144,977.32, plus other actual monetary damages according to proof.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as hereinafter set forth:

I.      **Class Allegations:**  For a civil penalty in the amount of five hundred dollars ($500) for violations of California Labor Code § 1174(d);

2.      **Class Allegations:**  For the maximum civil penalty specified in California Labor Code § 2699, in the amount of one hundred dollars ($100) for Plaintiff and each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) per pay period for each subsequent violation for violations of California Labor Code § 1199(c);

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

3. **Complaint for Damages – Plaintiff:** For actual damages in the approximate amount of $144,977.32, plus other actual monetary losses according to proof, incurred by Plaintiff as a result of Defendant's violation of California Labor Code § 221.

4. For all interest on sums awarded as allowed by law;

5. For all reasonable attorneys' fees provided for by any applicable statute;

6. For all costs of this suit allowed by law;

7. For any and all further relief that the Court deems just and proper.

Dated this June /6, 2009

Respectfully submitted:

THIERMAN LAW FIRM

By: _____

Mark R. Thierman
Attorney for Plaintiff

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email labetlawyer@pacbell.net www.laborlawyer.net

Class, Representative, and Private Attorney General Class Action Complaint

9



## About Corporate Responsibility

As a business, IBM delivers innovation that matters for our clients. As a global enterprise, we value innovation that matters for our company — and the world. IBM's corporate citizenship reflects both our brand and our values by addressing some of society's most complex problems with game-changing business and technology innovation.

## Current Report



At IBM, our model of corporate citizenship is being transformed by the emergence of a global economy — and the enormous challenges and opportunities it presents.

The 2007-2008 Corporate Responsibility Report: Section Previews

- Letter from Chairman, President and Chief Executive Officer
- IBM Basics
- Employees: Equipping IBMers for success as global professionals and citizens
- Communities: Expertise and technology to address societal challenges
- Environment: Minimizing IBM's impact on the planet
- Supply Chain: Promoting social responsibility with our suppliers
- Collaborative Solutions: Partnering to change the way the world works
- Governance: Managing integrity and citizenship in a globally integrated enterprise
- Key performance indicators

## Citizenship Across IBM



IBM Confidential
Page 1 of 1
Friday, January 23, 2009

EXHIBIT — LEE A KEMP

SDS081   SYMU44 · Jan   SOFTWARE SW-Data   Total   Total

| | One Time Charge | WORKSTATI | ON | INFORMIX | 1,853,714 |
|---|---|---|---|---|---|
| 50IEBA3 SCIENTIFIC-ATLANTA INC | One Time Charge | WORKSTATI | ON | DB2 | 33,150 |
| 5OCLPX/CISCO SYSTEMS INC | One Time Cha | WORKSTATI | ON | INFORMIX | 1,058,703 |
| 1743962 UC-OFFICE OF THE PRESIDENT | One Time Charge | WORKSTATI | ON | DB2 | 107,021 |
| | | | | IIS HER II | 60,000 |
| | | | | RDA | 8,899 |
| 1113927 State of California | One Time Charge | WORKSTATI | SIG350 ZLINX | DWE | -0 |
| | | | SIG350 ON | DB2 | 7,853 |
| | | | | RDA | 0 |
| 1740881 UCSD MEDICAL CENTER | One Time Cha | WORKSTATI | | DB2 | 79,434 |
| | | | | DB2 | -0 |
| | | | | D22 | 1,338 |
| Total. | | | | | 3,009,852 |
| | | | | | 3,009,852 |
| | | | | | 3,009,852 |

*Handwritten:* TOTAL REVENUE REVENUED ONLY $1,222,137 — $3,009,952

Field Management System | Commission statements | Commission statement

Page 1 of 6

IBM.

# W|3 Field Management System

IBM Confidential

| Name: | | |
|---|---|---|
| Plan type: | SW044 | Plan start: | 01/01/2008 | Plan end: | 30/06/2008 |
| Organization: | | Dept: | | Business: | |
| On target earnings: | USD91,500.30 | FY ref salary: | USD61,000.20 | YTD ref salary: | USD61,000.20 |
| On target earnings %: | | | | | |
| Base pay %: | 54.67 | Plan calc type: | % TI Plan | | |

Amount sent to payroll: USD0.00
Commission month: 07 Seq 1

Statement status: FINAL
Statement no: 1677426

- Summary payment
- Quota based commissions
- Payout table
- Commission salary
- Local challenges

- Advances
- Guarantees
- Commission summary
- Manual payment
- Claims

**Summary payment**

| YTD effective commission: | USD119,993.77 | | | | |
|---|---|---|---|---|---|

| YTD due employee = | | | | | USD119,993.77 |
| (applicable minimum due or applicable variable pay due, whichever is greater) | | | | | |

(Less -)

Field Management System | Commission statements | Commission Statement

| Amount previously paid: | | USD119,993.77 |
|---|---|---|

**(Equals =)**

| Amount due employee: | | USD0.00 |
|---|---|---|

| Amount sent to payroll: | | USD0.00 |
|---|---|---|

| Closing balance paid: | | USD119,993.77 |
|---|---|---|

Back to top

**Quota based commissions**

**PRI**

Incentive element weight: 85.00 % of TI

Achievement: USD1,222,136.77 Payout (seq): 02-35X(4)

YTD ach %: 162.95 FY ach %: 162.95

Protected attain %: 0.00 Protected commission: USD0.00

YTD quota based commission amount USD119,993.77

Back to top

**Payout table**

(current contents of tables used in "Quota Based" calculations including accumulation where applicable)

| Payout Description | Seq | Min % achievement YTD | Min FY % achievement YTD | Max % achievement YTD | Max FY % achievement YTD | Subtract factor | Payout FY % add | % payout rate |
|---|---|---|---|---|---|---|---|---|

Field Management System | Commission statements | Commission statement

Page 3 of 6

| | needed | indicator | needed | indicator | % | | | |
|---|---|---|---|---|---|---|---|---|
| 02-35X ACCELERATOR 1 | 0.375X | 0.00 F | 40.00 F | 0.00 | 0.38 | 0.00 | 0.00 | |
| 02-35X ACCELERATOR 3 | 2.25X | 90.00 F | 100.00 F | 90.00 | 2.25 | 77.50 | 0.00 | |
| 02-35X ACCELERATOR 5 2X | 200.00 F | 10,000.00 F | 200.00 | 2.00 | 470.00 | 0.00 | | |

Back to top

| Commission salary | | | |
|---|---|---|---|
| Effective date | | Reference salary | Location |
| 01/01/2008 | | USD10,165.70 | |

Back to top

**Total challenges**

Total of challenges from previous months: USD0.00

| Offer no. | Offer % | Achieved % | Category | Status | Commission salary | Commission s | Description | Incentive element |
|---|---|---|---|---|---|---|---|---|

YTD challenge amount USD0.00

N/A

Back to top

**Claims**

Total of claims from previous months:               USD0.00
Total of protected claims from previous               USD0.00
months:

View a listed manual monetary claim by clicking the claim number.

Field Management System | Commission statements | Commission | ~ment

Page 4 of 6

Values for Amount % Indicator column are A-commission amount, C-% of plan, S-% of YTD reference salary

| Claim | Claim type | Percentage | Incentive percentage | Amount % Amount % indicator | Protected claim amount % | Description |
|-------|-----------|-----------|--------------------|---------------------------|------------------------|-------------|

N/A

| YTD claim amount: | USD0.00 |
|-------------------|---------|
| YTD protected claim amount: | USD0.00 |

Back to top

**Advances**

| Total of advances from previous months: | USD0.00 |
|------------------------------------------|---------|
| Total of protected advances from previous months: | USD0.00 |

View a listed advance by clicking the claim number.
Values for Amount % Indicator column are A-commission amount, P-achievement percent, C-% of plan, S-% of YTD reference salary

| Claim number | Percentage | Amount % Amount % indicator | Protected advance amount % | Description |
|--------------|-----------|-----------------------------|---------------------------|-------------|

N/A

| YTD advances: | USD0.00 |
|---------------|---------|
| YTD protected advances: USD0.00 |

Back to top

**Guarantees**

| Total of guarantees from previous months: USD0.00 |
|---------------------------------------------------|

View a listed guarantee by clicking the claim number.
Values for Amount % Indicator column are A-commission amount, P-achievement percent, C-% of plan, S-% of YTD reference salary

| Claim number | Percentage | YTD Amount % Amount % indicator | Description |
|--------------|-----------|--------------------------------|-------------|

N/A

| YTD guarantees: | USD0.00 |
|-----------------|---------|
| YTD commission withheld during guarantee period: | USD0.00 |
| YTD protected guarantees: | USD0.00 |

YTD protected guarantees = YTD guarantees less minimum of

* YTD guarantees

Field<sup>~</sup> anagement System | Commission statements | Commission : ment

- YTD commission withheld during guarantee period

Back to top

| Commission summary | | | | | | |
|---|---|---|---|---|---|---|
| | YTD quota based commission | YTD claims | YTD local challenges | Total | | Effective commission |
| PRI Total | USD119,993.77 | USD0.00 | N/A | USD119,993.77 | | |
| Protected | USD0.00 | USD0.00 | N/A | USD0.00 | | |
| YTD effective commission: USD119,993.77 | | | | | | |

Back to top

| Manual payments | | | | | | | |
|---|---|---|---|---|---|---|---|
| Claim no: | Percentage: | Amount $: | Amount % indicator | | Protected manual payment amount $: | | Description |

Total of manual payments from previous months:    USD0.00

Total of protected manual payments from previous months:    USD0.00

View a listed manual payment or check by clicking the claim number.

Values for Amount % indicator column are A-commission amount, P-achievement percent, C-% of plan, 6-% of YTD reference salary

N/A

YTD manual payment amount:    USD0.00

YTD protected manual payment amount:    USD0.00

Back to top

Audit trail