United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE KEMP, individually and on behalf of all others similarly situated, the general public, and as an "aggrieved employee" under the California Labor Code Private Attorney General Act,<br><br>        Plaintiff,<br><br>  v.<br><br>INTERNATIONAL BUSINESS MACHINES CORP., a New York corporation, and DOES 1-50, inclusive,<br><br>        Defendants,<br>_____/ | No. C-09-3683 MHP<br><br>**MEMORANDUM & ORDER**<br><br>**Re: Plaintiff's Motion for Leave to File Second Amended Complaint** |

    Plaintiff Lee Kemp brought this action against defendant International Business Machines ("IBM"), initially alleging several California Labor Code violations. Now before the court is Kemp's motion for leave to file a Second Amended Complaint ("SAC"), in which Kemp alleges numerous additional labor code violations, violation of California Business and Professions Code §§ 17200 *et seq.*, and unpaid overtime in violation of the federal Fair Labor Standards Act ("FLSA"). Having considered the arguments of the parties and for the reasons stated below, the court enters the following memorandum and order.

BACKGROUND

    According to the proposed SAC, Kemp was employed as a Data Servers Sales Specialist with IBM from 2007 to 2009. Docket No. 48, Exh. A (SAC) ¶ 6. He was compensated via an annual

1 base salary plus discretionary target initiative bonus payments. *Id*. ¶ 7. Kemp alleges that IBM
2 required him to work from home, and that he spent approximately sixty percent of his time working
3 from his home office. *Id*. ¶ 8. He alleges that IBM did not reimburse him for office supplies and
4 phone service, although IBM did provide him with a computer. *Id*. He further alleges that he spent
5 approximately forty percent of his time in the field making sales and that he regularly worked more
6 than fifty hours per week. *Id*. ¶¶ 9-10.

7       On or about June 17, 2009, Kemp filed a class action complaint in San Francisco County
8 Superior Court, alleging record-keeping violations under Cal. Labor Code §§ 1174.5 (Count 1),
9 1199 (Count 2) & 2699 (Count 3) on behalf of all current and former IBM employees who had been
10 subject to such unlawful practices within the previous year. Docket No. 1. He also asserted one
11 claim solely on his own behalf under Cal. Labor Code § 221 (Count 4) for unlawful charge-back of
12 commission payments *Id*. IBM removed to federal court under 28 U.S.C. § 1446 and filed a motion
13 to dismiss and, in the alternative, to strike allegations seeking civil penalties under Cal. Labor Code
14 § 2699(f). Docket No. 5. Kemp filed a First Amended Complaint (FAC) on September 15, 2009,
15 adding a fifth claim under Cal. Labor Code § 2802(a) for IBM's failure to reimburse him for costs
16 incurred during his employment. Docket No. 13. After a period of private ADR, on September 1,
17 2010 IBM filed a motion to dismiss the FAC and, in the alternative, to strike allegations regarding
18 section 2699(f). Docket No. 33. On November 8, 2010, this court granted the motion to dismiss,
19 without prejudice, on the grounds that (1) the FAC failed to plausibly allege record-keeping or
20 commissions claims, (2) the FAC failed to demonstrate compliance with the administrative
21 exhaustion requirements of California's Private Attorney General Act ("PAGA") and (3) there was
22 no allegation that Kemp was a non-exempt employee. Docket No. 40; *Kemp v. Int'l Bus. Machs.*
23 *Corp.*, 2010 WL 4698490 (N.D. Cal. Nov. 8, 2010) (Patel, J.). Kemp was granted thirty days to file
24 a further-amended complaint consistent with the November 8, 2010 order. *Id*. He did not request
25 permission to file new claims, and no permission was ever granted.

26       On December 8, 2010, Kemp filed an SAC, which asserted nine causes of action. Counts 1-7
27 were new claims for (1) unpaid overtime in violation of the FLSA, (2) unpaid overtime in violation

28

2

of Cal. Labor Code §§ 510, 1198, (3) failure to reimburse business expenses in violation of Cal. Labor Code § 2802, (4) failure to provide meal periods in violation of Cal. Labor Code §§ 226.7, 512, (5) failure to timely pay wages in violation of Cal. Labor Code §§ 201-203, 256, (6) failure to provide accurate wage statements in violation of Cal. Labor Code § 226 and (7) violations of Cal. Bus. & Profs. Code §§ 17200 *et seq.* Kemp repled his record-keeping and PAGA penalty claims in Counts 8 and 9. The SAC did not include Kemp's previous commissions claims. In the SAC, Kemp purported to represent three classes of individuals: (1) an FLSA Class comprising Data Servers Sales Specialists employed by IBM "within three years prior to the original filing date of Plaintiff's complaint," (2) a California Class comprising Data Servers Sales Specialists employed by IBM in the state of California "within one year prior to the original filing of Plaintiff's complaint," and (3) a PAGA Class comprising Data Servers Sales Specialists employed by IBM "within one year prior to the original filing of Plaintiff's complaint." SAC ¶ 14.

On January 6, 2011, IBM filed a motion to dismiss the SAC. It sought to dismiss Count 1 on the grounds that Kemp never sought leave to file this new claim and that in any event the claim is precluded by the federal outside sales exemption. It sought to dismiss Count 6 on the grounds that the SAC was not filed within the applicable one-year statute of limitations and the new claim does not "relate back" to the original claims. Similarly, it sought to strike the FLSA Class and California Class allegations to the extent they reference the original filing date of the complaint. It also sought to strike Kemp's request for penalties under Cal. Labor Code § 2699(f) on the grounds that such penalties are unavailable for record-keeping violations. IBM did not, however, seek to dismiss any of the other new claims, Counts 2-5 & 7.

On February 14, 2011, the court ruled that Kemp had violated Federal Rule of Civil Procedure 15 by adding new claims without seeking the court's permission. Docket No. 47. The court vacated a hearing on IBM's motion to dismiss and allowed Kemp 14 days to seek leave to file the SAC. On February 28, 2011, Kemp filed the instant motion, seeking to file an SAC identical to the one filed on December 8, 2010. Docket No. 48. IBM opposes the motion, arguing (1) that it has

3

1 been prejudiced by Kemp's undue delay in bringing the new claims; and (2) that adding Counts 1
2 and 6 would be futile.

LEGAL STANDARD

A party may amend a pleading once as a matter of course and thereafter only by consent of the opposing party or by leave of the court. Fed. R. Civ. P. 15(a)(2). Leave should be freely given when justice so requires. *Id*. In determining whether to grant leave to amend, the court considers five factors: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint. *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). Not all of the factors merit equal consideration; prejudice is the "touchstone of the inquiry under rule 15(a)" and "carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001). The Ninth Circuit has construed Rule 15(a) broadly, requiring that leave to amend be granted with "extraordinary liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *Poling v. Morgan*, 829 F.2d 882, 886 (9th Cir. 1987).

DISCUSSION

I.     Undue Delay/Prejudice

IBM argues that the court should deny leave to file Counts 1-7 of the SAC because the state law violations therein were first asserted nearly two years after the filing of the original complaint and reflect a "radical shift in direction" of this litigation. *See* Docket No. 49 (Opp.) at 5-6 (quoting *Morongo*, 893 F.2d at 1079). This lengthy delay and evolving theory of liability is somewhat unsettling and appears to reflect poor judgment on the part of plaintiff and his counsel. Nevertheless, the court cannot conclude that IBM would be prejudiced by the addition of these new claims. Most significantly, after Kemp filed the SAC, IBM did not seek to dismiss Counts 2-5 & 7 outright. IBM's opposition to these counts was instead limited to the SAC's related class

4

allegations, which referenced the filing date of the original complaint instead of the filing date of the SAC. IBM therefore was content with proceeding on Counts 2-5 & 7, so long as the purported class was appropriately limited in scope. IBM did raise Kemp's failure to request leave of the court in seeking to dismiss Count 1, but its argument was limited to that one claim. It was not until after the court *sua sponte* ordered Kemp to seek leave to file the SAC that IBM first raised the issue of prejudice regarding the remaining new counts. Although the court is not pleased with the late addition of the new claims, the Ninth Circuit has emphasized the liberality with which leave should be granted, and IBM's own conduct undermines its arguments regarding the touchstone issue of prejudice.

II. Futility

Although the court will allow Kemp to add new Counts 2-5 & 7, IBM has sufficiently demonstrated that adding Counts 1 & 6 would be futile.

A. Count 1

Kemp's own allegations cast grave doubt over the viability of Count 1, the FLSA claim. *See* 6 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1487 ("[N]umerous courts have held that a proposed amendment that clearly is frivolous, advancing a claim or defense that is legally insufficient on its face . . . should be denied."); *see also Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (affirming denial of leave to amend "because any amendment would be futile"). In particular, it appears from the face of the SAC that Kemp likely is subject to the FLSA's outside sales exemption.[1] The SAC states that Kemp was not exempt under the outside sales exemption because he was "not primarily engaged in making sales away from the employer's place or places of business." SAC ¶ 23. In support of this contention, Kemp alleges that he spent only approximately 40% of his time "outside his home office making sales." Docket No. 50 (Reply) at 10. Far from supporting Kemp's position, these allegations strongly suggest that the outside sales exemption bars his FLSA claim.

Under the FLSA and its implementing regulations, an employee is exempt from overtime pay requirements if (1) the employee's primary duty is making sales and (2) the employee is

5

"customarily and regularly engaged away from the employer's place or places of business in performing such primary duty." 29 C.F.R. § 541.500(a). "The phrase 'customarily and regularly' means a frequency that must be greater than occasional but which, of course, may be less than constant. Tasks or work performed "customarily and regularly" includes work normally and recurrently performed every workweek; it does not include isolated or one-time tasks." 29 C.F.R. § 541.701. Kemp's concession that 40% of his time is spent outside the office making sales is more than sufficient to establish that he meets the "customarily and regularly engaged" prong.[2] *See, e.g.*, *Lint v. Northwestern Life Ins.*, 2010 WL 4809604, at *3 (S.D. Cal. Nov. 19, 2010) (10-20% of time outside of office meeting with clients or prospective clients); *Wong v. HSBC Mortg. Corp. (USA)*, 2010 WL 3833661, at *3 (N.D. Cal. Sept. 29, 2010) (Chesney, J.) ("customarily and regularly" can be less than a majority of time (citing *Schmidt v. Eagle Waste & Recycling, Inc.*, 598 F. Supp. 2d 928, 936-37 (W.D. Wis. 2009)).

Although 40% of time engaged in outside sales may not be sufficient on its own to establish that Kemp's primary duty involves exempt work, "the regulations indicate that the amount of time spent performing exempt work is useful, but not dispositive, in determining an employee's "primary duty." *Schmidt*, 598 F. Supp. 2d at 935; *see* 29 C.F.R. § 541.700. "[F]actors considered by courts in determining an employee's primary duties include: (1) the importance of exempt duties to an employee's other duties; (2) how much time is devoted to exempt work; (3) whether an employee's compensation is based wholly or significantly on commission; (4) whether an employee independently solicits new business; and (5) whether the employee receives little or no supervision." *Schmidt*, 598 F. Supp. 2d at 935. The SAC indicates that Kemp earned compensation from commissions and that he spent 60% of his working time at home, indicating a low degree of employer supervision. The court may not be in a position to conclusively make the fact-intensive determinations surrounding the outside sales exemption, but given the speciousness of the non-exemption allegations and the long delay in bringing the new causes of action, the court is far from convinced that "justice requires" that Kemp be given leave to assert his FLSA claim.

B. Count 6

6

In Count 6, Kemp seeks penalties for IBM's alleged failure to timely furnish accurate, itemized statements of wages as required by Cal. Labor Code § 226. Claims seeking penalties under this provision are subject to a one-year statute of limitations. *See Hoffman v. Constr. Prot. Servs.*, No. EDCV03-1006-VAP(SGLx), 2006 WL 6105633, at *6 (C.D. Cal. Feb. 21, 2006).[3] According to the SAC, and the exhibit attached thereto, Kemp was no longer employed with IBM as of March 6, 2009, and he first asserted his section 226 claim on December 8, 2010, approximately 21 months later. *See* SAC ¶ 6 & Exh. A.

Kemp nonetheless argues that Count 6 is timely because it "relates back" to the filing of the original complaint on June 17, 2009. His new claim for failure to furnish timely, accurate itemized wage statements under section 226 and his original commissions claims are sufficiently related, he argues, because they both involve an allegation that Kemp was not properly compensated.[4]

Rule 15(c) of the Federal Rules of Civil Procedure provides that "an amendment of a pleading relates back to the date of the original pleading when . . . the claim or defense in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c)(2). "[R]elation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims." *Mayle v. Felix*, 545 U.S 644, 659 (2005). The mere fact that the commissions claim set forth in the original complaint and the wage statement claim set forth in the SAC both broadly involve "improper compensation" does not somehow means that "conduct, transaction or occurrence" underlying the two claims are the same. *Cf. Oja v. U.S. Army Corps of Engineers*, 440 F.3d 1122, 1134-35 (9th Cir. 2006) (concluding that allegation of a second disclosure of personal information on the defendant's public website did not relate back to allegation of an earlier disclosure notwithstanding that the two disclosures were nearly identical). Kemp's now-dismissed commissions claim was premised on IBM's failure to pay commissions allegedly earned under an employee incentive plan, *see* FAC ¶¶ 7-14, 38-41, and his wage statement claim focuses on whether employees were furnished accurate itemized statements either semi-monthly or at the time of payment, *see* SAC ¶ 59. The two claims are premised on entirely different conduct by IBM, and Kemp has identified no reason why notice of

7

alleged commissions-related violations in June 2009 gave IBM notice that it would need to defend its wage statement practices in December 2010.[5] *See SEC v. Seaboard Corp.*, 677 F.2d 1301, 1314 (9th Cir. 1982) (noting that the "basic inquiry" is whether the opposing party was "put on notice about the claim or defense raised by the amended pleadings").

CONCLUSION

For the foregoing reasons, Kemp's motion for leave to file the SAC is GRANTED in part and DENIED in part. Kemp may not file Counts 1 and 6 of the SAC, as adding these new claims would be futile.

IT IS SO ORDERED.

Dated: April 5, 2011

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

8

**ENDNOTES**

1. Although the outside sales exemption is an affirmative defense for which IBM bears the ultimate burden of proof, a claim may be dismissed on the basis of an affirmative defense that is plainly applicable from the face of the complaint. *See* 5B Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357; *see also Goddard v. Google, Inc.*, 640 F. Supp. 2d 1193, 1199 n.5 (N.D. Cal. 2009) (Fogel, J.).

2. The 60% of Kemp's working hours allegedly spent in his home office may be considered time spent at his employer's place of business. According to Department of Labor regulations, "any fixed site, whether home or office, used by a salesperson as a headquarters or for telephonic solicitation of sales is considered one of the employer's places of business, even though the employer is not in any formal sense the owner or tenant of the property." 29 C.F.R. § 541.502.

3. The *Hoffman* court analyzed two competing lines of California authority to determine that Section 226 is subject to a one-year statute of limitations. Kemp does not dispute this conclusion. Reply at 11.

4. Kemp also appears to argue that his wage statement claim arises from the same transaction, occurrence or conduct as his overtime and minimum wage claims. Reply at 12:12. These claims were raised for the first time in the SAC and any interrelationship with these claims accordingly would not avoid statute of limitations issues.

5. For similar reasons, to the extent that Kemp's new SAC contains class allegations applicable to Claims 2-5 & 7, the putative class's claims do not relate back to the date of the original complaint. The original claim for alleged record-keeping violations and the new claims for alleged failure to pay overtime, reimburse business expenses, provide meal periods, and pay timely wages involve distinct factual inquiries. The statute of limitations for the new claims accordingly cannot be measured from the filing date of the original complaint.