| | |
|---|---|
| 1 | Mark D. Kemple (State Bar No. 145219) |
|   | mkemple@jonesday.com |
| 2 | JONES DAY |
|   | 555 South Flower Street |
| 3 | Fiftieth Floor |
|   | Los Angeles, CA  90071-2300 |
| 4 | Telephone:     (213) 489-3939 |
|   | Facsimile:     (213) 243-2539 |
| 5 | |
|   | Catherine S. Nasser (State Bar No. 246191) |
| 6 | cnasser@jonesday.com |
|   | JONES DAY |
| 7 | 555 California Street, 26th Floor |
|   | San Francisco, CA  94104 |
| 8 | Telephone:     (415) 626-3939 |
|   | Facsimile:     (415) 875-5700 |
| 9 | |
|   | Matthew W. Lampe (admitted *pro hac vic*e) |
| 10 | mwlampe@jonesday.com |
|   | Wendy C. Butler (admitted *pro hac vice*) |
| 11 | wbutler@jonesday.com |
|   | JONES DAY |
| 12 | 222 East 41st Street |
|   | New York, NY 10017 |
| 13 | Telephone: (212) 326-3939 |
|   | Facsimile: (212) 755-7306 |
| 14 | |
|   | Attorneys for Defendant |
| 15 | International Business Machines Corporation |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**(SAN FRANCISCO DIVISION)**

| | |
|---|---|
| LEE KEMP, individually and on behalf of all others similarly situated, the general public, and as an "aggrieved employee" under the California Labor Code Private Attorney General Act, | **CASE NO. CV 09-03683-MHP** |
| | **ANSWER TO SECOND AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT** |
| Plaintiff, | |
| v. | |
| INTERNATIONAL BUSINESS MACHINES CORP., a New York corporation, and DOES 1-50, inclusive, | |
| Defendant. | |

Defendant International Business Machines Corporation ("Defendant" or "IBM"), by and through its attorneys, Jones Day, hereby answers the Second Amended Class and Collective Action Complaint ("Complaint"), as modified by the Court's April 5, 2011 Order, as follows:

In response to the unnumbered paragraph on page 2 of the Complaint, IBM admits only that Plaintiff Lee Kemp ("Plaintiff" or "Kemp") purports to bring this action on behalf of himself and certain other employees. IBM denies that Plaintiff can properly maintain this case on behalf of others. IBM denies the remaining allegations contained in the unnumbered paragraph on page 2 of the Complaint.

## JURISDICTION AND VENUE

1. Defendant admits that this Court has jurisdiction over this action. Any remaining allegations in paragraph 1 represent legal determinations that are not subject to admission or denial.

2. Defendant admits that venue in this District is proper and that it transacts business in this district. Defendant denies any remaining allegations in paragraph 2.

## PARTIES AND BACKGROUND

3. Defendant admits that it is a New York corporation qualified to do business and doing business in the State of California. Defendant denies that there is a web page attached to the Complaint as Exhibit A, and further states that were such a web page attached, it would be a document that speaks for itself. Defendant denies any remaining allegations in paragraph 3.

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's citizenship and residency.

5. Defendant admits that Plaintiff was employed by Defendant in the State of California. Defendant denies that there are others "similarly situated" to Plaintiff for purposes of maintaining this action and thus denies any remaining allegations in paragraph 5.

6. Defendant admits that Plaintiff was employed by IBM from 2007 to 2009 and that his title in IBM's HR systems was Senior Sales Specialist – Software. Defendant denies any

remaining allegations in paragraph 6.

7. Defendant admits that Plaintiff received an annual base salary and received commissions pursuant to the terms of Incentive Plan Letters, which are set forth in documents that speak for themselves. Defendant denies any remaining allegations in paragraph 7.

8. Defendant admits that it permitted Plaintiff to conduct certain work from home. Defendant admits that it provided Plaintiff with a computer. Defendant denies any remaining allegations in paragraph 8.

9. Defendant states that Plaintiff was expected to spend over half his time in the field making sales and denies any remaining allegations in paragraph 9.

10. Defendant denies the allegations in paragraph 10.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations regarding his efforts to obtain payroll records and thus denies the same. Defendant denies any remaining allegations in paragraph 11.

12. Defendant admits that Plaintiff seeks to sue Defendants Does 1 through 50 by fictitious names. Defendant denies that Plaintiff has claims against any Defendants and thus denies any remaining allegations in paragraph 12.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

13. Defendant admits that Plaintiff purports to bring this action on behalf of himself and other employees. IBM states that the Court, in its April 5, 2011 Order ("Order"), denied Plaintiff's request for leave to file his FLSA claim (Count I), and thus IBM is not required to respond to allegations regarding Count I or the alleged FLSA class. IBM denies that this action may be maintained as a class action under California law, or as a representative action under the California Private Attorney General Act ("PAGA") and denies any remaining allegations in paragraph 13.

14. Defendant admits that Plaintiff defines an alleged "FLSA Class," an alleged "California Class," and an alleged "PAGA Class." IBM states that the Court, it its April 5, 2011 Order, denied Plaintiff's request for leave to file his FLSA claim (Count I), and thus IBM is not

1  required to respond to allegations regarding Count I or the alleged FLSA class.  Defendant further
2  states that, pursuant to the Court's April 5, 2011 Order, certain class allegations do not relate back
3  to the original complaint and, as such, Plaintiff's alleged California class definition is improper.
4  Defendant denies that this action may be maintained as a class action under California law, or as a
5  representative action under PAGA, and denies any remaining allegations in paragraph 14.

6     15.   Defendant denies that the classes Plaintiff defines may be maintained as such, and
7  denies any remaining allegations in paragraph 15.

8     16.   Defendant denies the allegations in paragraph 16.

9     17.   Defendant denies the allegations in paragraph 17.

10     18.   Defendant admits that Plaintiff requests permission to amend the Complaint under
11  certain circumstances but denies that such relief is appropriate.  Defendant denies any remaining
12  allegations in paragraph 18.

### **FIRST CAUSE OF ACTION**

14     19.   IBM states that the Court, in its April 5, 2011 Order, denied Plaintiff's request for
15  leave to file Count 1, and thus IBM is not required to respond to the allegations in Count 1.

16     20.   IBM states that the Court, in its April 5, 2011 Order, denied Plaintiff's request for
17  leave to file Count 1, and thus IBM is not required to respond to the allegations in Count 1.

18     21.   IBM states that the Court, in its April 5, 2011 Order, denied Plaintiff's request for
19  leave to file Count 1, and thus IBM is not required to respond to the allegations in Count 1.

20     22.   IBM states that the Court, in its April 5, 2011 Order, denied Plaintiff's request for
21  leave to file Count 1, and thus IBM is not required to respond to the allegations in Count 1.

22     23.   IBM states that the Court, in its April 5, 2011 Order, denied Plaintiff's request for
23  leave to file Count 1, and thus IBM is not required to respond to the allegations in Count 1.

24     24.   IBM states that the Court, in its April 5, 2011 Order, denied Plaintiff's request for
25  leave to file Count 1, and thus IBM is not required to respond to the allegations in Count 1.

26     25.   IBM states that the Court, in its April 5, 2011 Order, denied Plaintiff's request for
27  leave to file Count 1, and thus IBM is not required to respond to the allegations in Count 1.

28     26.   IBM states that the Court, in its April 5, 2011 Order, denied Plaintiff's request for

1  leave to file Count 1, and thus IBM is not required to respond to the allegations in Count 1.

2  27.   IBM states that the Court, in its April 5, 2011 Order, denied Plaintiff's request for
3  leave to file Count 1, and thus IBM is not required to respond to the allegations in Count 1.

4  28.   IBM states that the Court, in its April 5, 2011 Order, denied Plaintiff's request for
5  leave to file Count 1, and thus IBM is not required to respond to the allegations in Count 1.

6  29.   IBM states that the Court, in its April 5, 2011 Order, denied Plaintiff's request for
7  leave to file Count 1, and thus IBM is not required to respond to the allegations in Count 1.

**SECOND CAUSE OF ACTION**

30.   Defendant incorporates and restates its responses to the allegations in paragraphs 1 through 29 as if fully rewritten herein.

31.   Defendant admits that Plaintiff purports to bring this action on behalf of himself and other members of the alleged "California Class." Defendant denies that this action may be maintained as a class action and denies any remaining allegations in paragraph 31.

32.   Defendant admits that the provisions of Labor Code §§ 510 and the applicable IWC Wage Orders contain certain requirements regarding overtime pay. Defendant denies that paragraph 32 contains a complete and accurate description of the applicable legal requirements and exemptions and denies any remaining allegations in paragraph 32.

33.   Defendant denies the allegations in paragraph 33.

34.   Defendant denies the allegations in paragraph 34.

35.   Defendant denies the allegations in paragraph 35.

36.   Defendant admits that Plaintiff seeks certain relief but denies that Plaintiff, or any other person, is entitled to any relief whatsoever. Defendant denies any remaining allegations in paragraph 36.

**THIRD CAUSE OF ACTION**

37.   Defendant incorporates and restates its responses to the allegations in paragraphs 1 through 36 as if fully rewritten herein.

38.   Defendant admits that Cal. Lab. Code §§ 2802 sets forth requirements regarding reimbursement of employees' business expenses. Defendant denies that paragraph 38 contains a

1  complete and accurate description of the applicable legal requirements and denies any remaining
2  allegations in paragraph 38.
3      39.     Defendant denies the allegations in paragraph 39.
4      40.     Defendant denies the allegations in paragraph 40.
5      41.     Defendant admits that Plaintiff seeks certain relief but denies that Plaintiff, or any
6  other person, is entitled to any relief whatsoever.  Defendant denies any remaining allegations in
7  paragraph 41.

**FOURTH CAUSE OF ACTION**

9      42.     Defendant incorporates and restates its responses to the allegations in paragraphs
10 1 through 41 as if fully rewritten herein.
11     43.     Defendant admits that the California Labor Code and applicable IWC Wage
12 Orders set forth requirements regarding meal periods.  Defendant denies that paragraph 43
13 contains a complete and accurate description of the applicable legal requirements and exemptions.
14 Defendant denies any remaining allegations in paragraph 43.
15     44.     Defendant denies the allegations in paragraph 44.
16     45.     Defendant denies the allegations in paragraph 45.
17     46.     Defendant denies the allegations in paragraph 46.
18     47.     Defendant admits that Plaintiff seeks certain relief but denies that Plaintiff, or any
19 other person, is entitled to any relief whatsoever.  Defendant denies any remaining allegations in
20 paragraph 47.

**FIFTH CAUSE OF ACTION**

22     48.     Defendant incorporates and restates its responses to the allegations in paragraphs
23 1 through 47 as if fully rewritten herein.
24     49.     Defendant admits that Cal. Lab. Code §§ 201, 202, and 203 set forth requirements
25 regarding pay to employees upon termination.  Defendant denies that paragraph 49 contains a
26 complete and accurate description of the applicable legal requirements and exemptions.
27 Defendant denies any remaining allegations in paragraph 49.
28     50.     Defendant denies the allegations in paragraph 50.

1     51.     Defendant denies the allegations in paragraph 51.

2     52.     Defendant denies the allegations in paragraph 52.

3     53.     Defendant denies the allegations in paragraph 53.

4     54.     Defendant admits that paragraph 54 contains a partial quotation from Cal. Lab. Code § 256. Defendant denies any remaining allegations in paragraph 54.

6     55.     Defendant admits that Plaintiff seeks certain relief but denies that Plaintiff, or any other person, is entitled to any relief whatsoever. Defendant denies any remaining allegations in paragraph 55.

**SIXTH CAUSE OF ACTION**

56. IBM states that the Court, in its April 5, 2011 Order, denied Plaintiff's request for leave to file Count VI, and thus IBM is not required to respond to allegations in Count VI.

57. IBM states that the Court, in its April 5, 2011 Order, denied Plaintiff's request for leave to file Count VI, and thus IBM is not required to respond to allegations in Count VI.

58. IBM states that the Court, in its April 5, 2011 Order, denied Plaintiff's request for leave to file Count VI, and thus IBM is not required to respond to allegations in Count VI.

59. IBM states that the Court, in its April 5, 2011 Order, denied Plaintiff's request for leave to file Count VI, and thus IBM is not required to respond to allegations in Count VI.

60. IBM states that the Court, in its April 5, 2011 Order, denied Plaintiff's request for leave to file Count VI, and thus IBM is not required to respond to allegations in Count VI.

61. IBM states that the Court, in its April 5, 2011 Order, denied Plaintiff's request for leave to file Count VI, and thus IBM is not required to respond to allegations in Count VI.

**SEVENTH CAUSE OF ACTION**

62. Defendant incorporates and restates its responses to the allegations in paragraphs 1 through 61 as if fully rewritten herein.

63. Defendant denies the allegations in paragraph 63.

64. Defendant denies the allegations in paragraph 64.

65. Defendant denies the allegations in paragraph 65.

66. Defendant denies the allegations in paragraph 66.

1    67.    Defendant denies the allegations in paragraph 67.

2    68.    Defendant admits that Plaintiff seeks certain relief but denies that Plaintiff, or any other person, is entitled to any relief whatsoever. Defendant denies any remaining allegations in paragraph 68.

69.    Defendant admits that Plaintiff seeks certain relief but denies that Plaintiff, or any other person, is entitled to any relief whatsoever. Defendant denies any remaining allegations in paragraph 69.

## EIGHTH CAUSE OF ACTION

70.    Defendant incorporates and restates its responses to the allegations in paragraphs 1 through 69 as if fully rewritten herein.

71.    Defendant admits that California law sets forth requirements regarding the retention of payroll records. Defendant denies that paragraph 71 contains a complete and accurate description of the applicable legal requirements and exemptions and denies any remaining allegations in paragraph 71.

72.    Defendant admits that paragraph 72 contains a partial quotation from California Labor Code §1174(d). Defendant denies that paragraph 72 contains a complete and accurate description of the applicable legal requirements and exemptions and denies any remaining allegations in paragraph 72.

73.    Defendant admits that paragraph 73 contains a partial quotation from Industrial Wage Commission Order 4-2001 §7. Defendant admits that paragraph 73 contains a partial quotation from California Labor Code §1199. Defendant denies that paragraph 73 contains a complete and accurate description of the applicable legal requirements and exemptions and denies any remaining allegations in paragraph 73.

74.    Defendant denies the allegations in paragraph 74.

75.    Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations regarding his efforts to obtain payroll records and thus denies the same. Defendant denies any remaining allegations in paragraph 75.

76.    Defendant is without knowledge or information sufficient to form a belief as to the

1 truth of Plaintiff's allegations in paragraph 76 and thus denies the same.

2     77. Defendant is without knowledge or information sufficient to form a belief as to the
3 truth of Plaintiff's in paragraph 77 and thus denies the same.

4     78. Defendant denies the allegations in paragraph 78.

5     79. Defendant denies the allegations in paragraph 79.

6     80. Defendant admits that Plaintiff seeks certain relief but denies that Plaintiff, or any
7 other person, is entitled to any relief whatsoever. Defendant denies any remaining allegations in
8 paragraph 80.

## NINTH CAUSE OF ACTION

10     81. Defendant incorporates and restates its responses to the allegations in paragraphs
11 1 through 80 as if fully rewritten herein.

12     82. Defendant admits that paragraph 82 contains a quotation from Cal. Lab. Code §
13 2699(a).

14     83. Defendant denies the allegations in paragraph 83.

15     84. Defendant admits that Exhibit A is a letter dated March 6, 2009, which is a
16 document that speaks for itself. Defendant admits that 33 days transpired between the date of the
17 letter attached as Exhibit A and the filing of this action. Defendant is without knowledge or
18 information sufficient to form a belief regarding the truth of the allegation regarding the LWDA's
19 response to Exhibit A. Defendant denies any remaining allegations in paragraph 84.

20     85. Defendant admits that Plaintiff purports to bring this action on behalf of himself
21 and the members of the alleged "PAGA Class." Defendant denies that this action may be
22 maintained as a representative action under PAGA and denies any remaining allegations in
23 paragraph 85.

24     86. Defendant admits that Plaintiff seeks certain relief, but denies that Plaintiff, or any
25 other person, is entitled to any relief whatsoever. Defendant denies any remaining allegations in
26 paragraph 86.

## PRAYER FOR RELIEF

28     87. Defendant denies that Plaintiff is entitled to the relief requested in paragraphs 1-12

of the prayer for relief on page 15 of the Complaint, and further denies that Plaintiff, or any other person, is entitled to any relief whatsoever. Defendant further denies that Plaintiff can seek relief that is inconsistent with the Court's April 5, 2011 Order. Defendant denies each and every allegation in the Complaint that it does not specifically admit in its Answer.

## AFFIRMATIVE AND OTHER DEFENSES

IBM asserts the following affirmative and other defenses. IBM reserves the right to amend or supplement its answer and/or defenses as may be warranted by the information developed through subsequent discovery. Nothing stated herein constitutes a concession as to whether or not Plaintiff or Defendant bears the burden of proof on any issue.

## FIRST DEFENSE

Plaintiff fails, in whole or in part, to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims are barred because he and the members of the putative class actions that he purports to represent were exempt from the statutory requirements on which such claims are based under the outside salesperson, commission salesperson, administrative, professional, executive, and/or any other exemption available under California law.

## THIRD DEFENSE

IBM has at all times endeavored in good faith to comply with the provisions of the California Labor Code, and the wage orders of the Industrial Welfare Commission, and it had reasonable grounds for believing that it was in compliance therewith.

## FOURTH DEFENSE

Some or all of Plaintiff's claims are barred, in whole or in part, by statutory exclusions, exceptions or credits under California law.

## FIFTH DEFENSE

Plaintiff is not entitled to class certification because he fails to meet the requirements set forth by Rule 23 of the Federal Rules of Civil Procedure.

**SIXTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing to bring certain claims or seek certain relief.

**SEVENTH DEFENSE**

Plaintiff's attempts to pursue claims in this lawsuit as a class and/or representative action violate IBM's state and federal constitutional due process and jury trial rights.

**EIGHTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands, waiver, laches and/or estoppel.

**NINTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrines of accord and satisfaction, settlement, set off and/or payment and release.

**TENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because he failed to exhaust internal and/or administrative remedies and/or filing requirements.

**ELEVENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the applicable statutes or other periods of limitations.

**TWELFTH DEFENSE**

Plaintiff's class state law claims are preempted, in whole or in part, by the FLSA.

**THIRTEENTH DEFENSE**

Plaintiff's attempt to pursue penalties violates IBM's state and federal constitutional due process and equal protection rights.

**FOURTEENTH DEFENSE**

Plaintiff's claims are barred to the extent that the hours for which Plaintiff and putative class members claim compensation are not hours worked or working time under California state law, including the applicable California Industrial Welfare Commission Wage Orders.

**FIFTEENTH DEFENSE**

Plaintiff's claims are barred to the extent that Plaintiff and putative class members performed job duties that diverged from IBM's realistic expectations or failed to perform job duties realistically expected by IBM.

**SIXTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, to the extent that he or members of the putative class violated practices and guidelines or worked in violation of direct orders of their supervisors.

**SEVENTEENTH DEFENSE**

The claims for waiting time penalties should be denied because a good faith dispute exists as to whether any wages are due.

**EIGHTEENTH DEFENSE**

Plaintiff lacks standing under Business and Professions Code Section 17200 *et seq.*, because neither he nor the alleged class has suffered any competitive injury.

**NINETEENTH DEFENSE**

California Business and Professions Code §§ 17203 and 17204 violate the Due Process Clauses of the United States and California Constitutions to the extent that the standards of liability under those statutes are unduly vague and subjective, and permit retroactive, random, arbitrary and capricious punishment that serves no legitimate governmental interest.

WHEREFORE, IBM prays for judgment as follows:

1. That Plaintiff and the putative class members take nothing by reason of their Complaint, that the Complaint be dismissed in its entirety with prejudice, and that judgment be entered for IBM;

2. That IBM be awarded its reasonable costs and attorneys' fees; and

3. That IBM be awarded such other and further relief as the Court deems just and proper.

| | | |
|---|---|---|
| 1 | Dated: April 25, 2011 | JONES DAY |
| 2 | | |
| 3 | | By: /S/ Catherine S. Nasser<br>Catherine S. Nasser |
| 4 | | Attorneys for Defendant International Business Machines Corporation |
| 5 | | |
| 6 | NYI-4362227v1 | |